# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7340 FMO (AGRx) | Date | October 30, 2017 |
|---|---|---|---|
| Title | Grace Shin v. Ocwen Loan Servicing LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**  (In Chambers) Order Remanding Action

On August 15, 2017, Grace Shin ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Ocwen Loan Servicing LLC ("Ocwen"), and Barrett Daffin Frappier Treder & Weiss ("Barrett") (collectively, "defendants") related to foreclosure proceedings.  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1 & Exhibit ("Exh.") 1 ("Complaint")).  On October 6, 2017, Ocwen removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441.  (See Dkt. 1, NOR at ¶ 2).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

UNITED STATES DISTRICT COURT                                JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7340 FMO (AGRx) | Date | October 30, 2017 |
|---|---|---|---|
| Title | Grace Shin v. Ocwen Loan Servicing LLC, et al. | | |

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.[1] In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1-1, Complaint at ¶¶ 6-15; Dkt. 1, NOR at ¶ 3a). Ocwen has shown that it is a citizen of Florida. (See Dkt. 1, NOR at ¶ 10). However, as Ocwen concedes, Barrett is a citizen of California. (See id. at ¶ 3c). Thus, complete diversity does not exist.

Ocwen contends that Barrett's citizenship is irrelevant for jurisdiction purposes because Barrett is a nominal party that has filed a declaration of nonmonetary status in state court pursuant to California Civil Code § 29241. (See Dkt. 1, NOR at ¶ 3c). Ocwen's contention is unpersuasive. As one court stated:

> A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive. A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status. . . . [E]ven if a defendant's nonmonetary status declaration remains unchallenged for the duration of the action, the defendant is bound by the nonmonetary terms of the judgment.

Sublett v. NDEX West, LLC, 2011 WL 663745, *2 (S.D. Cal. 2011) (citation omitted); see also

---

[1] Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7340 FMO (AGRx) | Date | October 30, 2017 |
|---|---|---|---|
| Title | Grace Shin v. Ocwen Loan Servicing LLC, et al. | | |

Hershcu v. Wells Fargo Bank, N.A., 2012 WL 439698, *2 (S.D. Cal. 2012) ("The citizenship of [defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status.").[2] Thus, the filing of a declaration of nonmonetary status does not render Barrett a nominal party.

Because Barrett is not a nominal party, its citizenship is considered in the determination of diversity jurisdiction. Thus, there was no diversity jurisdiction over this action at the time of removal because both plaintiff and Barrett are citizens of California.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |

---

[2] Courts are split on whether an unopposed declaration of nonmonetary status is sufficient to deem a trustee a nominal party. Compare Rivera v. Aurora Loan Servs. LLC, 2010 WL 1709376, *2 (S.D. Cal. 2010) (finding filing of a notice of nonmonetary status sufficient to render party nominal party for purposes of jurisdiction); Raissian v. Quality Loan Serv. Corp., 2014 WL 6606802, *4 (C.D. Cal. 2014) (recognizing split) with Sublett, 2011 WL 663745, at *2 (finding notice insufficient to render party a nominal party for purposes of jurisdiction) and Hershcu, 2012 WL 439698, at *2 (same). The court believes the reasoning of Sublett and Herschu is more persuasive. In any event, plaintiff seeks money damages or restitution from both defendants jointly and severally. (See Complaint at ¶ 5 & Prayer). Thus, Quality "has a sufficient stake in the outcome of these proceedings such that it cannot be deemed a purely nominal defendant." See Raissian, 2014 WL 6606802, at *4.